UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

**CHRISTOPHER POIRIER**,
        Plaintiff,                                          Case No.
                                                                               Hon.

vs.

**OFFICER LEAH WESTRATE**, individually,
**OFFICER JEFF STOLL**, individually,
**OFFICER NATE DORNBOS**, individually,
**BARBARA BERGERS,** in her official capacity,
**DEPUTY BRIDGET SCHICKINGER**, individually,
**JOSHUA GRANT**, individually and in his professional capacity,
**ABSOLUTE SECURITY AND PROTECTIVE SERVICES, LLC**,
      a Michigan Limited Liability Company,
      jointly and severally.

_____/
Joshua A. Blanchard (P72601)
Keeley D. Heath (P68661)
**MIEL & CARR, PLC**
Attorneys for Plaintiff
125 W Main St
PO Box 8
Stanton, MI 48888
989-831-5208 / fax: 989-831-8854
josh@mielcarr.com
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      **NOW COMES** the Plaintiff, Christopher Poirier, by and through counsel and for his

complaint against Defendants, jointly and severally, states as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

1

2. At all relevant times, Defendants Westrate, Stoll, and Dornbos were acting in their capacities as duly appointed police officers for the Grand Valley State University (GVSU) Department of Public Safety in the County of Ottawa, State of Michigan.

3. At all relevant times, Defendant Schickinger was acting in her capacity as a duly appointed deputy sheriff in the County of Ottawa, State of Michigan.

4. At all relevant times, Defendant Grant was acting as a private security guard in concert with the police.

5. At all relevant times, Defendant Absolute Security and Protective Services, LLC acted as a private security agency providing security services in the County of Ottawa, State of Michigan.

6. At all relevant times, Defendant Bergers was the Chief of the GVSU Department of Public Safety and was vested with the authority and responsibility to supervise the actions of Defendants Westrate, Stoll, and Dornbos.

7. At all relevant times, Defendants were acting within the scope of their respective employment under color of law, cloaked with the authority which was granted to them.

8. This cause of action arose in the County of Ottawa, State of Michigan. Venue is proper pursuant to 28 U.S.C. §1391.

9. The Court has jurisdiction of this action under 42 U.S.C. §1983 and under 28 U.S.C. §1343.

10. The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331.

11. Plaintiff is a citizen and resident of the State of Michigan and a citizen of the Unites States.

12. At all times material to this Complaint, these defendants acted toward plaintiff under color of the statutes, ordinances, customs and usage of the State of Michigan, County of Ottawa, and the Grand Valley State University Department of Public Safety.

**COMMON ALLEGATIONS OF FACT**

13. While acting in their various capacities, the defendants deprived plaintiff of his liberty without due process of law, made an unreasonable search and seizure of the property of plaintiff and deprived plaintiff of his property without due process of law, thereby depriving plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

14. The location commonly known as 10485 48th Avenue, Allendale, Michigan is located in Ottawa County, within the jurisdiction of the Federal District Court for the Western District of Michigan.

15. An apartment complex commonly known as "Hillcrest Apartments" is located at 10485 48th Avenue, Allendale, Michigan.

16. During the early morning hours of February 2, 2012, Plaintiff was lawfully present in his residence located at 10485 48th Avenue, Apartment F8, Allendale, Michigan (hereinafter, "Apartment F8").

17. At approximately 12:05 am, Officer Stoll was on patrol in the area of Apartment F8 at the Hillcrest Apartments.

18. Officer Stoll intended to make contact with a Brian Thompson who Stoll believed to be on misdemeanor probation.

19. Upon information and belief, it was Officer Stoll's intention to determine whether Thompson was in compliance with the terms of his probation.

20. Without permission, Officer Stoll walked around the back of Apartment F8.

21. Officer Stoll claims that he observed people on the back deck of Apartment F8.

22. After observing people on the back deck of Apartment F8, Officer Stoll called for additional police backup to assist in the investigation of a possible misdemeanor probation violation.

23. In response to his request for assistance, three additional police officers and a private security guard responded to Apartment F8.

24. At the direction of Officer Stoll, the Defendants set up a perimeter around Apartment F8.

25. Defendant Westrate knocked on the front door of Apartment F8.

26. No one opened the door when Defendant Westrate knocked.

27. Officer Stoll again walked to the back of Apartment F8.

28. Officer Stoll climbed onto the deck at the back of Apartment F8 by first climbing onto an air conditioning unit located behind the apartment.

29. Officer Stoll had no permission or legal authority to climb onto the deck.

30. Defendant Stoll claims he saw evidence of alcohol within Apartment F8 from the vantage point he illegally obtained from the back deck.

31. After receiving no response to Defendant Westrate's knocking on the front door, Defendants conspired to enter Apartment F8.

32. With the assistance of Defendant Grant and others, the Defendants entered Apartment F8 without permission, a warrant, or a valid exception to the search warrant requirement imposed by the 4th Amendment to the United States Constitution.

33. Once inside the apartment, the Defendants engaged in a search of the premises.

34. Inside the apartment, the Defendants found that the bedroom doors were locked.

35. Defendants searched the apartment until they found a set of keys.

36. Defendants used these keys to gain entry into the bedroom of Plaintiff.

37. Defendants did not have permission, the benefit of a warrant, or a valid exception to the warrant requirement when they entered the Plaintiff's bedroom.

38. After entering the Plaintiff's bedroom, Defendants seized the Plaintiff and detained him against his will while they conducted further investigation.

39. The Defendants were without lawful authority to seize or detain Plaintiff.

40. Without probable cause, Defendant Stoll issued Plaintiff an appearance citation for violating Mich Comp Laws §436.1703, Minor in Possession of Alcohol.

41. After review, the criminal charges against Plaintiff were dismissed by the Ottawa County Prosecutor.

42. Plaintiff has suffered damages including, but not limited to, incurring legal fees to defend himself as a result of the Defendants' unlawful conduct.

43. Upon information and belief, Defendant Absolute Security and Protective Services, LLC (hereinafter "Absolute Security"), Defendant Grant and members of the Grand Valley State University Department of Public Safety, including Defendants Westrate, Stoll, and Dornbos regularly meet to conspire regarding enforcement of state laws and municipal ordinances at the Hillcrest Apartments.

44. Upon information and belief, Defendant Absolute Security has conspired with other defendants to investigate alleged violations of law and engage in unlawful searches and seizures of Plaintiff.

45. At all relevant times, Defendants Absolute Security and Grant were acting under color of law when they conspired with the other Defendants to violate Plaintiff's rights.

46. Plaintiff sues defendants Westrate, Dornbos, Stoll, Schickinger, Grant, and Absolute Security in their individual capacities.

47. Plaintiff sues defendant Bergers in her official capacity.

**COUNT I – FOURTH AMENDMENT VIOLATION (CURTILAGE)**

48. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

49. Plaintiff's constitutionally protected rights include the right to be secure in his home from unreasonable searches and seizures as provided for by the Fourth Amendment, made actionable by 42 U.S.C. §1983.

50. Defendant Stoll's trespass onto the curtilage, under the Plaintiff's deck, and onto Plaintiff's deck without the benefit of a search warrant or a valid exception to the warrant requirement was a violation of Plaintiff's rights.

51. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

**COUNT II – FOURTH AMENDMENT VIOLATION (ILLEGAL ENTRY)**

52. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

53. Plaintiff's constitutionally protected rights include the right to be secure in his home from unreasonable searches and seizures as provided for by the Fourth Amendment, made actionable by 42 U.S.C. §1983.

54. Defendants' forcible entry into Plaintiff's home without permission, a search warrant, or a valid exception to the warrant requirement was a violation of Plaintiff's rights.

55. Even if Defendants had probable cause to believe evidence of a crime would be found within the home, Defendants had no right to enter Plaintiff's home without a warrant in the absence of hot pursuit or other exigent circumstances.

5

56. Defendant Absolute Security is vicariously liable under the doctrine of *respondeat superior* for the actions of Defendant Grant.

57. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

**COUNT III – FOURTH AMENDMENT VIOLATION (ILLEGAL ENTRY BEDROOM)**

58. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein

59. Plaintiff's constitutionally protected rights include the right to be secure in his home from unreasonable searches and seizures as provided for by the Fourth Amendment, made actionable by 42 U.S.C. §1983.

60. Defendants' forcible entry into Plaintiff's bedroom without permission, a search warrant, or a valid exception to the warrant requirement was a violation of Plaintiff's rights.

61. Even if Defendants had probable cause to believe evidence of a crime would be found within the home, Defendants had no right to enter Plaintiff's bedroom without a warrant in the absence of hot pursuit or other exigent circumstances.

62. Defendant Absolute Security is vicariously liable under the doctrine of *respondeat superior* for the actions of Defendant Grant.

63. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## COUNT IV – FOURTH AMENDMENT VIOLATION (SEIZURE)

64. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein

65. Plaintiff's constitutionally protected rights include the right to be secure in his home from unreasonable searches and seizures as provided for by the Fourth Amendment, made actionable by 42 U.S.C. §1983.

66. Once inside the bedroom, Defendants seized Plaintiff and ordered him to remain under their control in the residence.

67. Defendant Grant secured the scene and blocked the doorway so that Plaintiff would be unable to leave the residence.

68. The Defendants were without lawful authority to detain Plaintiff.

69. Because of the unlawful search and seizure, Defendants detained Plaintiff without cause.

70. The seizure of Plaintiff by Defendants was a violation of Plaintiff's rights.

71. Defendant Absolute Security is vicariously liable under the doctrine of *respondeat superior* for the actions of Defendant Grant.

72. As a direct and proximate result of Defendants' actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## COUNT V – CONSPIRACY TO VIOLATE DEFENDANT'S CONSTITUTIONAL RIGHTS

73. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein

74. Upon information and belief, Defendants Absolute Security and members of the GVSU Department of Public Safety, including Defendants Westrate, Stoll, and Dornbos engaged in weekly meetings wherein they

7

        planned surveillance and enforcement actions against residents of the Hillcrest Apartments, including Plaintiff.

75. The Defendants agreed and acted intentionally to violate Plaintiff's right to be free from unreasonable search and seizure as secured by the United States Constitution.

76. As a direct and proximate results of the conspiracy between Defendants and others as described above, Plaintiff's home was unlawfully searched, Plaintiff was detained against his will and was deprived of his right to be free from unreasonable and unlawful seizure, to equal protection of the laws which are secured under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and protected by 42 USC §1983.

77. As a direct and proximate result of Defendants' actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

### COUNT VI – SUPERVISORY LIABILITY

78. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein

79. Defendant Bergers, as Chief of the Grand Valley State University Department of Public Safety, knew or in the exercise of reasonable diligence should have known that the conduct of the other Defendant officers was likely to occur.

80. Defendant Bergers failed to take any effective preventative or remedial measures to guard against the conduct of the other Defendant officers more fully set forth and described herein. Had Defendant Bergers taken such measures, Plaintiff would not have suffered the deprivation of his rights fully set forth herein. The failure of Defendant Bergers amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiff. Defendant Bergers failed to train, instruct, supervise, and discipline the Defendant officers, and said failure caused Plaintiff's damages.

81. Defendant Bergers either knew or should have known of the widespread and pervasive policy of Grand Valley State University Police Officers to engage in unlawful searches and seizures and to conspire with private security companies to further such searches and seizures.

82. Defendant Bergers either knew of should have known that the other Defendants were likely to engage in conspiratorial wrongs against Plaintiff and Defendant Bergers had the power to prevent or to aid in preventing the commission of those wrongs, but neglected to do so. These wrongful acts were described in Counts I, II, III, IV, and V and these wrongful acts could have been prevented by the exercise of reasonable diligence by Defendant Bergers.

83. As a direct and proximate result of the aforedescribed unlawful and malicious acts of Defendant Bergers, Plaintiff was deprived of his right to be secure in his person, against unlawful and unreasonable seizure of his person, to equal protection of the laws, and to Due Process of Law, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 and 42 U.S.C. § 1986.

84. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

Respectfully submitted,

Dated: September 28, 2012
 s/ Joshua Blanchard
Joshua Blanchard (P72601)
**MIEL & CARR, PLC**
Attorneys for Plaintiff
125 W Main St
PO Box 8
Stanton, MI 48888
(989) 831-5208
(989) 831-8854 (fax)
josh@mielcarr.com

9

Dated: September 28, 2012         __s/ Keeley D. Heath_____
                                  Keeley D. Heath (P68661)
                                  **MIEL & CARR, PLC**
                                  Attorneys for Plaintiff
                                  125 W Main St
                                  PO Box 8
                                  Stanton, MI 48888
                                  (989) 831-5208
                                  (989) 831-8854 (fax)
                                  keeley@mielcarr.com

### JURY DEMAND

Plaintiff requests a jury for all issues so triable in this case.

                                  Respectfully submitted,

Dated: September 28, 2012         __s/ Joshua Blanchard_____
                                  Joshua Blanchard (P72601)
                                  **MIEL & CARR, PLC**
                                  Attorneys for Plaintiff
                                  125 W Main St
                                  PO Box 8
                                  Stanton, MI 48888
                                  (989) 831-5208
                                  (989) 831-8854 (fax)
                                  josh@mielcarr.com