UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CHRISTOPHER POIRIER, | Case No: 1:12-cv-01056 |
| Plaintiff, | Hon. Robert J. Jonker |
| v | **ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF OTTAWA COUNTY DEPUTY BRIDGET SCHICKINGER** |
| OFFICER LEAH WESTRATE, individually, OFFICER JEFF STOLL, individually, OFFICER NATE DORNBOS, individually, BARBARA BERGERS, in her official capacity, DEPUTY BRIDGET SCHICKINGER, individually, JOSHUA GRANT, individually and in his professional capacity, ABSOLUTE SECURITY AND PROTECTIVE SERVICES, LLC, a Michigan Limited Liability Company, jointly and severally, | |
| Defendants. | |

_____

| | |
|---|---|
| Joshua A. Blanchard (P-72601) | Douglas W. Van Essen (P-33169) |
| Keeley D. Heath (P-68661) | SILVER & VAN ESSEN, P.C. |
| MIEL & CARR, PLC | Attorneys for Deputy Bridget Schickinger |
| Attorneys for Plaintiff | 300 Ottawa Avenue N.W. – Suite 620 |
| 125 West Main Street – P. O. Box 8 | Grand Rapids, MI 49503 |
| Stanton, MI 48888 | (616) 988-5600 |
| (989) 831-5208 | |

_____

Defendant Ottawa County Deputy Bridget Schickinger, ("Ottawa County Deputy"), by her attorneys, Silver & Van Essen, P.C., answers the Plaintiff's Complaint, as follows:

## JURISDICTION AND VENUE

1. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

2. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

3. The Ottawa County Deputy admits that she is an Ottawa County Deputy and was on duty at the time of the incident. She neither admits nor denies the allegations that she acted in her individual capacity and under color of state law as those are legal conclusions to which no responsive pleading is necessary. To the extent a responsive pleading is necessary, the Ottawa County Deputy asserts that at all times herein she was acting in her official capacity.

4. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph due to a lack of information.

5. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

6. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

7. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

8. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

9. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

10. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

11. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

12. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

**COMMON ALLEGATIONS OF FACT**

13. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary. To the extent an answer is required, the Ottawa County Deputy denies the allegations because they are untrue.

14. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

15. Admitted.

16. The Ottawa County Deputy admits that the Plaintiff was located in the Apt F8 during the early morning hours of February 4, 2012, when the incident complained of actually occurred. The Ottawa County Deputy neither admits nor denies the remaining allegations contained in this Paragraph due to a lack of information.

17. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

18. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

19. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

20. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information. To the extent that an answer is required, the Ottawa County Deputy denies the allegation as untrue.

21. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

22. The Ottawa County Deputy admits that Officer Stoll called her and asked for back up on a probation check. Any remaining allegations are denied due to a lack of information.

23. The Ottawa County Deputy admits that she responded to Officer Stoll's request for back up and that the Deputy observed other officers on the scene. Any remaining allegations are neither admitted nor denied due to a lack of information.

24. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information. As a further response, she denies that she was part of a "perimeter."

25. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

26. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

27. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

28. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

29. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

30. Admitted that Officer Stoll claimed he had received evidence that alcohol consumption was occurring in Apartment F8. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information or because they are legal conclusions to which no responsive pleading is necessary.

31. The Ottawa County Deputy denies the allegation because it is untrue.

32. The Ottawa County Deputy admits entering the unlocked apartment to assist Officer Stoll in apprehending his probation suspect. Any remaining allegations are denied as untrue.

33. The Ottawa County Deputy admits that she observed empty alcohol containers, drug paraphernalia and marijuana, and the GVSU officers found a set of keys on the kitchen counter, which one of them used to open the a bedroom door where the probation suspect was found, arrested and lodged. Any remaining allegations are denied as untrue or neither admitted nor denied to the extent that they call for legal conclusions to which no responsive pleading is required

34. To the best of the Ottawa County Deputy's recollection, this allegation is admitted as true.

35. The Ottawa County Deputy admits that one of the GVSU officers found a set of keys on the kitchen counter. Any remaining allegations are denied as untrue or are neither admitted nor denied to the extent that they call for legal conclusions to which no responsive pleading is required.

36. The Ottawa County Deputy admits that one of the GVSU officers used the keys on the kitchen table to open one of the bedrooms. Any remaining allegations are denied as untrue.

37. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary. To the extent an answer is required, the Ottawa County Deputy denies the allegations because they are untrue.

38. The Ottawa County Deputy denies the allegation that she entered the bedroom at the time it was entered by the GVSU officers with the key, because such an allegation is untrue.

39. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary. To the extent an answer is required, the Ottawa County Deputy denies any allegation that she detained Plaintiff because that would be untrue.

40. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary. To the extent an answer is required, the Ottawa County Deputy believes that one of the GVSU officers gave the Plaintiff an appearance ticket, presumably for being a minor in possession.

41. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

42. The Ottawa County Deputy denies as untrue that the Plaintiff experienced any damages as a result of the Ottawa County Deputy's conduct. She denies as untrue that she engaged in any unlawful conduct. The Ottawa County Deputy neither admits nor denies the remaining allegations contained in this Paragraph due to a lack of information or because they are legal conclusions to which no responsive pleading is necessary.

43. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information and because they do not pertain to her.

44. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information. To the extent that the allegation is directed at her, it is denied as untrue.

45. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information. To the extent that the allegation is directed at her, it is denied as untrue.

46. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information and because the allegations are legal information to which no responsive pleading is necessary.

47. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph because they are not directed to her.

## COUNT I—42 USC §1983 (4th Amendment—Curtilage—Officer Stoll)

48. The Ottawa County Deputy incorporates by reference her answers to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they are legal conclusions to which no responsive pleading is due.

50. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph because they are not directed to her.

51. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph because they are not directed to her.

**WHEREFORE,** the Ottawa County Deputy requests that this Court dismiss this Count against her without recovery of any sort to the Plaintiff and award her costs and attorneys fees, including sanctions under Fed. R. Civ. P. 11, as well as such additional relief as is appropriate including costs and attorneys fees.

## COUNT II—42 USC §1983 (4th Amendment—Illegal Entry—All Defendants)

52. The Ottawa County Deputy incorporates by reference her answers to Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they are legal conclusions to which no responsive pleading is due.

54. The Ottawa County Deputy denies the allegations of this Paragraph because they are untrue.

55. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph because they are legal conclusions to which no responsive pleading is necessary. To the extent an answer is required, the allegations are denied as untrue.

56. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph because they are not directed to her.

57. The Ottawa County Deputy denies the allegations because they are untrue.

**WHEREFORE,** the Ottawa County Deputy requests that this Court dismiss this Count against her without recovery of any sort to the Plaintiff and award her costs and attorneys fees, including sanctions under Fed. R. Civ. P. 11, as well as such additional relief as is appropriate including costs and attorneys fees.

## COUNT III—42 USC §1983 (4th Amendment— Illegal Entry Bedroom—All Defendants)

58. The Ottawa County Deputy incorporates by reference her answers to Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they are legal conclusions to which no responsive pleading is due.

60. The Ottawa County Deputy denies the allegations of this Paragraph because they are untrue.

61. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph because they are legal conclusions to which no responsive pleading is necessary. To the extent an answer is required, the allegations are denied as untrue.

62. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph because they are not directed to her.

63. The Ottawa County Deputy denies the allegations because they are untrue.

**WHEREFORE,** the Ottawa County Deputy requests that this Court dismiss this Count against her without recovery of any sort to the Plaintiff and award her costs and attorneys fees, including sanctions under Fed. R. Civ. P. 11, as well as such additional relief as is appropriate including costs and attorneys fees.

### COUNT IV—42 USC §1983 (4th Amendment—Seizure—All Defendants)

64. The Ottawa County Deputy incorporates by reference her answers to Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they are legal conclusions to which no responsive pleading is due.

66. The Ottawa County Deputy denies the allegations of this Paragraph because they are untrue as to her. She cannot speak for anyone else.

67. The Ottawa County Deputy denies the allegations because they are not true as to her. She cannot speak for anyone else.

68. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph because they are legal conclusions to which no responsive pleading is necessary. To the extent an answer is required, any allegation that the Ottawa County Deputy detained the Plaintiff is denied as untrue.

69. The Ottawa County Deputy denies the allegations in this Paragraph because they are untrue as to her. She cannot speak for anyone else.

70. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph because they are legal conclusions to which no responsive pleading is necessary.

71. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph because they do not pertain to her.

72. The Ottawa County Deputy denies the allegations of this Paragraph because they are untrue.

**WHEREFORE,** the Ottawa County Deputy requests that this Court dismiss this Count against her without recovery of any sort to the Plaintiff and award her costs and attorneys fees, including sanctions under Fed. R. Civ. P. 11, as well as such additional relief as is appropriate including costs and attorneys fees.

### COUNT V—42 USC §1983 (Conspiracy to violate constitutional rights— Defendants other than Deputy Schickinger)

73. The Ottawa County Deputy incorporates by reference her answers to Paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

75. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

76. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

77. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

**WHEREFORE,** the Ottawa County Deputy requests that this Court dismiss this Count against her without recovery of any sort to the Plaintiff and award her costs and attorneys fees, including sanctions under Fed. R. Civ. P. 11, as well as such additional relief as is appropriate including costs and attorneys fees.

### COUNT VI—42 USC §1983 (Supervisory Liability—Defendant Bergers)

78. The Ottawa County Deputy incorporates by reference her answers to Paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

80. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

81. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

82. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

83. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

84. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they do not pertain to her.

**WHEREFORE,** the Ottawa County Deputy requests that this Court dismiss this Count against her without recovery of any sort to the Plaintiff and award her costs and attorneys fees, including sanctions under Fed. R. Civ. P. 11, as well as such additional relief as is appropriate including costs and attorneys fees.

## **AFFIRMATIVE DEFENSES**

The Ottawa County Deputy, by and through her attorneys aforesaid, incorporates by reference her answer to the Complaint and states the following as its affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate his alleged damages.

3. Plaintiff's claims are barred in whole or in part by his contributory negligence, his wrongful, bad or intentional acts, including to but not limited to the fact that he permitted criminal activity in the apartment, including but not limited to drug use, illegal alcohol use, and probation violations. In addition, Plaintiff himself used alcohol/and or marijuana in violation of Michigan law. This criminal activity was the contributing and/or proximate cause of any and all of his injuries.

4. Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, unclean hands, and set off.

5. Plaintiff's claims are barred by the applicable statute of limitations.

6. The Ottawa County Deputy is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

7. In addition to the facts above, Plaintiff's claims are barred in whole or in part by the doctrines of governmental, municipal, qualified, good faith and officer immunity.

8. That some or all of the claims may be barred by the Plaintiff's failure to follow administrative remedies.

9. That Plaintiff has adequate state remedies which may bar some or all of the claims.

10. That the actions of the Deputy do not rise to the level of constitutional violations.

11. That some or all of the claims may be barred by collateral estoppel.

12. Joint and several liability has been abolished in Michigan and does not apply to claims under 42 U.S.C. §1983.

13. The Ottawa County Deputy reserves the right to add additional defenses as they become know through discovery.

**WHEREFORE,** the Ottawa County Deputy requests that this Court dismiss this Count against her without recovery of any sort to the Plaintiff and award her costs and attorneys fees, including sanctions under Fed. R. Civ. P. 11, as well as such additional relief as is appropriate including costs and attorneys fees.

**SILVER & VAN ESSEN, P.C.**
Attorneys for Ottawa County Deputy Schickinger

Dated: October 24, 2012    By: /s/ Douglas W. Van Essen
_____
Douglas W. Van Essen (P-33169)
dwv@silvervanessen.com

BUSINESS ADDRESS & TELEPHONE:
300 Ottawa Avenue N.W. – Suite 620
Grand Rapids, MI 49503
(616) 988-5600

## RELIANCE ON JURY DEMAND

The Ottawa County Deputy hereby asserts her reliance on the Plaintiff's jury demand and demands, herself, a trial by jury on all issues triable by jury.

**SILVER & VAN ESSEN, P.C.**
Attorneys for Ottawa County Deputy Schickinger

Dated: October 24, 2012    By: /s/ Douglas W. Van Essen
_____
Douglas W. Van Essen (P-33169)
dwv@silvervanessen.com

BUSINESS ADDRESS & TELEPHONE:
300 Ottawa Avenue N.W. – Suite 620
Grand Rapids, MI 49503
(616) 988-5600

17

**CERTIFICATE OF SERVICE**

  I certify that on October 24, 2012, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

        SILVER & VAN ESSEN, P.C.

         /s/ Douglas W. Van Essen
    By:_____
        Douglas W. Van Essen  (P33169)
        dwv@silvervanessen.com

        BUSINESS ADDRESS & TELEPHONE:
         300 Ottawa Avenue N.W. – Suite 620
         Grand Rapids, MI  49503
         (616) 988-5600