UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

———————————————

CHRISTOPHER POIRIER,

       Plaintiff,                       Case No. 1:12-cv-01056-RJJ

vs.                                      Hon. Robert J. Jonker

OFFICER LEAH WESTRATE,
individually, OFFICER JEFF STOLL,
individually, OFFICER NATE DORNBOS,
individually, BARBARA BERGERS, in her
official capacity, DEPUTY BRIDGET
SCHICKINGER, individually, JOSHUA
GRANT, individually and in his professional
capacity, ABSOLUTE SECURITY AND
PROTECTIVE SERVICES, LLC, a
Michigan Limited Liability Company,
jointly and severally,

       Defendants.

———————————————————————————————

| | |
|---|---|
| Joshua A. Blanchard (P72601) | Peter A. Smit (P27886) |
| Keeley D. Heath (P68661) | VARNUM LLP |
| MIEL & CARR, PLC | Attorneys for Defendants Westrate, Stoll, |
| Attorneys for Plaintiff | Dornbos, and Bergers |
| 125 W. Main St. | Bridgewater Place, P.O. Box 352 |
| P. O. Box 8 | Grand Rapids, MI 49501-0352 |
| Stanton, MI  48888 | (616) 336-6000 |
| (989) 831-5208 / fax: (989) 831-8854 | |
| | |
| Douglas W. Van Essen (P33169) | |
| SILVER & VAN ESSEN, P.C. | |
| Attorneys for Deputy Bridget Schickinger | |
| 300 Ottawa Avenue, N.W., Suite 620 | |
| Grand Rapids, MI  49503 | |
| (616) 988-5600 | |

———————————————————————————————

**DEFENDANTS WESTRATE, STOLL, DORNBOS, AND BERGERS'**
**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES,**
**AND RELIANCE ON JURY DEMAND**

Defendants, Officer Leah Westrate, Officer Jeff Stoll, Officer Nate Dornbos, and Barbara Bergers, by their attorneys, Varnum LLP, hereby answer Plaintiff's Complaint and state as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER:** It is denied that these Defendants in any way deprived Plaintiff of rights secured by the Constitution and laws of the United States. No answer is required to the remaining allegations contained in paragraph 1 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

2. At all relevant times, Defendants Westrate, Stoll, and Dornbos were acting in their capacities as duly appointed police officers for the Grand Valley State University (GVSU) Department of Public Safety in the County of Ottawa, State of Michigan.

**ANSWER:** Admitted.

3. At all relevant times, Defendant Schickinger was acting in her capacity as a duly appointed deputy sheriff in the County of Ottawa, State of Michigan.

**ANSWER:** No answer is required to the allegations contained in paragraph 3 of Plaintiff's Complaint, as those allegations do not pertain to these Defendants.

4. At all relevant times, Defendant Grant was acting as a private security guard in concert with the police.

**ANSWER:** No answer is required to the allegations contained in paragraph 4 of Plaintiff's Complaint, as those allegations do not pertain to these Defendants.

5. At all relevant times, Defendant Absolute Security and Protective Services, LLC acted as a private security agency providing security services in the County of Ottawa, State of Michigan.

2

**ANSWER:**    No answer is required to the allegations contained in paragraph 5 of Plaintiff's Complaint, as those allegations do not pertain to these Defendants.

6.    At all relevant times, Defendant Bergers was the Chief of the GVSU Department of Public Safety and was vested with the authority and responsibility to supervise the actions of Defendants Westrate, Stoll, and Dornbos.

**ANSWER:**    It is admitted that at all relevant times, Defendant Bergers was the "Director" of the GVSU Department of Public Safety.  See Defendants' answer to paragraph 79 of Plaintiff's Complaint.  No answer is required to the remaining allegations contained in paragraph 6 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

7.    At all relevant times, Defendants were acting within the scope of their respective employment under color of law, cloaked with the authority which was granted to them.

**ANSWER:**    No answer is required to the allegations contained in paragraph 7 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

8.    This cause of action arose in the County of Ottawa, State of Michigan.  Venue is proper pursuant to 28 U.S.C. §1391.

**ANSWER:**    No answer is required to the allegations contained in paragraph 8 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

9.    The Court has jurisdiction of this action under 42 U.S.C. §1983 and under 28 U.S.C. §1343.

**ANSWER:**    No answer is required to the allegations contained in paragraph 9 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

10.    The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331.

**ANSWER:**     No answer is required to the allegations contained in paragraph 10 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

11.    Plaintiff is a citizen and resident of the State of Michigan and a citizen of the United States.

**ANSWER:**    The allegations contained in paragraph 11 of Plaintiff's Complaint are neither admitted nor denied as the Defendants are without sufficient information to form a belief as to their truth and validity.

12.    At all times material to this Complaint, these defendants acted toward plaintiff under color of the statutes, ordinances, customs and usage of the State of Michigan, County of Ottawa, and the Grand Valley State University Department of Public Safety.

**ANSWER:**    No answer is required to the allegations contained in paragraph 12 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

### COMMON ALLEGATIONS OF FACT

13.    While acting in their various capacities, the defendants deprived plaintiff of his liberty without due process of law, made an unreasonable search and seizure of the property of plaintiff and deprived plaintiff of his property without due process of law, thereby depriving plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:**    The allegations contained in paragraph 13 of Plaintiff's Complaint are denied as untrue.

14.    The location commonly known as 10485 48th Avenue, Allendale, Michigan is located in Ottawa County, within the jurisdiction of the Federal District Court for the Western District of Michigan.

**ANSWER:**    Admitted.

15.    An apartment complex commonly known as "Hillcrest Apartments" is located at 10485 48th Avenue, Allendale, Michigan.

**ANSWER:**    Admitted upon information and belief.

16.    During the early morning hours of February 2, 2012, Plaintiff was lawfully present in his residence located at 10485 48th Avenue, Apartment F8, Allendale, Michigan (hereinafter, "Apartment F8").

**ANSWER:**    The allegations contained in paragraph 16 of Plaintiff's Complaint are neither admitted nor denied as the Defendants are without sufficient information to form a belief as to their truth and validity.

17.     At approximately 12:05 am, Officer Stoll was on patrol in the area of Apartment F8 at the Hillcrest Apartments.

**ANSWER:**     It is denied that Officer Stoll was "on patrol" at the time in question. Defendants state further that Officer Stoll went to Brian Thompson's residence, Apartment F8, to check on Mr. Thompson's compliance with his probation.

18.     Officer Stoll intended to make contact with a Brian Thompson who Stoll believed to be on misdemeanor probation.

**ANSWER:**     Admitted.

19.     Upon information and belief, it was Officer Stoll's intention to determine whether Thompson was in compliance with the terms of his probation.

**ANSWER:**     Admitted.

20.     Without permission, Officer Stoll walked around the back of Apartment F8.

**ANSWER:**     The allegations contained in paragraph 20 are denied as written.

21.     Officer Stoll claims that he observed people on the back deck of Apartment F8.

**ANSWER:**     Admitted.

22.     After observing people on the back deck of Apartment F8, Officer Stoll called for additional police backup to assist in the investigation of a possible misdemeanor probation violation.

**ANSWER:**     Admitted.

23.     In response to his request for assistance, three additional police officers and a private security guard responded to Apartment F8.

**ANSWER:**     The allegations in paragraph 23 are admitted, with the exception that Defendant Grant, to the best of Defendants' knowledge, did not respond to a specific request by any of these Defendants.

24.     At the direction of Officer Stoll, the Defendants set up a perimeter around Apartment F8.

**ANSWER:**     The allegations contained in paragraph 24 of Plaintiff's Complaint are objected to as being vague and ambiguous, particularly as regards the term "perimeter."  Subject to that objection, Defendants answer that Officer Stoll arranged for there to be a presence at both the front and the back of the apartment.

25.     Defendant Westrate knocked on the front door of Apartment F8.

**ANSWER:**     The allegations contained in paragraph 25 of Plaintiff's Complaint are admitted.

26.     No one opened the door when Defendant Westrate knocked.

**ANSWER:**     The allegations contained in paragraph 26 of Plaintiff's Complaint are admitted.

27.     Officer Stoll again walked to the back of Apartment F8.

**ANSWER:**     It is admitted that, at one point, Officer Stoll a second time went to the back of Apartment F8.   Defendants deny the accuracy of the chronology set forth in Plaintiff's Complaint.

28.     Officer Stoll climbed onto the deck at the back of Apartment F8 by first climbing onto an air conditioning unit located behind the apartment.

**ANSWER:**     Admitted.

29.     Officer Stoll had no permission or legal authority to climb onto the deck.

**ANSWER:**     The allegations contained in paragraph 29 of Plaintiff's Complaint are denied as untrue.

30.     Defendant Stoll claims he saw evidence of alcohol within Apartment F8 from the vantage point he illegally obtained from the back deck.

**ANSWER:**     Defendants admit that Defendant Stoll saw evidence of alcohol within Apartment F8.  Defendants state further that there was also evidence of alcohol on the back deck.  The remaining allegations contained in paragraph 30 of Plaintiff's Complaint are denied as untrue.

31.     After receiving no response to Defendant Westrate's knocking on the front door, Defendants conspired to enter Apartment F8.

6

**ANSWER:**    The allegations contained in paragraph 31 of Plaintiff's Complaint are denied as written.

32.    With the assistance of Defendant Grant and others, the Defendants entered Apartment F8 without permission, a warrant, or a valid exception to the search warrant requirement imposed by the 4th Amendment to the United States Constitution.

**ANSWER:**    The allegations contained in paragraph 32 of Plaintiff's Complaint are denied as untrue.

33.    Once inside the apartment, the Defendants engaged in a search of the premises.

**ANSWER:**    Admitted.

34.    Inside the apartment, the Defendants found that the bedroom doors were locked.

**ANSWER:**    Admitted.

35.    Defendants searched the apartment until they found a set of keys.

**ANSWER:**    Defendants deny the allegations contained in paragraph 35 as written.  Defendants did not find keys as a result of a "search."  Defendants state further that keys were setting on the counter of the apartment in plain view.

36.    Defendants used these keys to gain entry into the bedroom of Plaintiff.

**ANSWER:**    Defendants admit that keys were used to enter one of the bedrooms.  The remaining allegations contained in paragraph 36 of Plaintiff's Complaint are neither admitted nor denied as Defendants are without sufficient information to form a reasonable belief as to their truth and validity.

37.    Defendants did not have permission, the benefit of a warrant, or a valid exception to the warrant requirement when they entered the Plaintiff's bedroom.

**ANSWER:**    The allegations contained in paragraph 37 of Plaintiff's Complaint are denied as untrue.

38.     After entering the Plaintiff's bedroom, Defendants seized the Plaintiff and detained him against his will while they conducted further investigation.

**ANSWER:**     The allegations contained in paragraph 38 of Plaintiff's Complaint are denied as written.

39.     The Defendants were without lawful authority to seize or detain Plaintiff.

**ANSWER:**     The allegations contained in paragraph 39 of Plaintiff's Complaint are denied as untrue.

40.     Without probable cause, Defendant Stoll issued Plaintiff an appearance citation for violating Mich Comp Laws §436.1703, Minor in Possession of Alcohol.

**ANSWER:**     Defendants admit issuing Plaintiff an appearance citation for Minor in Possession of Alcohol.  The remaining allegations contained in paragraph 40 of Plaintiff's Complaint are denied as untrue.

41.     After review, the criminal charges against Plaintiff were dismissed by the Ottawa County Prosecutor.

**ANSWER:**     The allegations contained in paragraph 41 of Plaintiff's Complaint are admitted upon information and belief.

42.     Plaintiff has suffered damages including, but not limited to, incurring legal fees to defend himself as a result of the Defendants' unlawful conduct.

**ANSWER:**     The allegations contained in paragraph 42 of Plaintiff's Complaint are denied as untrue.

43.     Upon information and belief, Defendant Absolute Security and Protective Services, LLC (hereinafter "Absolute Security"), Defendant Grant and members of the Grand Valley State University Department of Public Safety, including Defendants Westrate, Stoll, and Dornbos regularly meet to conspire regarding enforcement of state laws and municipal ordinances at the Hillcrest Apartments.

**ANSWER:**     The allegations contained in paragraph 43 of Plaintiff's Complaint are denied as untrue.

44.     Upon information and belief, Defendant Absolute Security has conspired with other defendants to investigate alleged violations of law and engage in unlawful searches and seizures of Plaintiff.

**ANSWER:**     The allegations contained in paragraph 44 of Plaintiff's Complaint are denied as untrue.

45.     At all relevant times, Defendants Absolute Security and Grant were acting under color of law when they conspired with the other Defendants to violate Plaintiff's rights.

**ANSWER:**     The allegations contained in paragraph 45 of Plaintiff's Complaint are denied as untrue.

46.     Plaintiff sues defendants Westrate, Dornbos, Stoll, Schickinger, Grant, and Absolute Security in their individual capacities.

**ANSWER:**     No answer is required to the allegations contained in paragraph 46 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

47.     Plaintiff sues defendant Bergers in her official capacity.

**ANSWER:**     No answer is required to the allegations contained in paragraph 47of Plaintiff's Complaint, as those allegations set forth conclusions of law.

### COUNT I – FOURTH AMENDMENT VIOLATION (CURTILAGE)

48.     Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

**ANSWER:**     Defendants incorporate by reference their answers to paragraph 1 through 47 above.

49.     Plaintiff's constitutionally protected rights include the right to be secure in his home from unreasonable searches and seizures as provided for by the Fourth Amendment, made actionable by 42 U.S.C. §1983.

**ANSWER:**     No answer is required to the allegations contained in paragraph 49of Plaintiff's Complaint, as those allegations set forth conclusions of law.

50.     Defendant Stoll's trespass onto the curtilage, under the Plaintiff's deck, and onto Plaintiff's deck without the benefit of a search warrant or a valid exception to the warrant requirement was a violation of Plaintiff's rights.

**ANSWER:**     The allegations contained in paragraph 50 of Plaintiff's Complaint are denied as untrue.

51.     As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**ANSWER:**     The allegations contained in paragraph 51 of Plaintiff's Complaint are denied as untrue.

WHEREFORE, Defendants pray that Plaintiff's Complaint against them be dismissed with prejudice, with costs and attorney fees awarded Defendants.

## COUNT II – FOURTH AMENDMENT VIOLATION (ILLEGAL ENTRY)

52.     Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

**ANSWER:**     Defendants incorporate by reference their answers to paragraph 1 through 51 above.

53.     Plaintiff's constitutionally protected rights include the right to be secure in his home from unreasonable searches and seizures as provided for by the Fourth Amendment, made actionable by 42 U.S.C. §1983.

**ANSWER:**     No answer is required to the allegations contained in paragraph 53of Plaintiff's Complaint, as those allegations set forth conclusions of law.

54.     Defendants' forcible entry into Plaintiff's home without permission, a search warrant, or a valid exception to the warrant requirement was a violation of Plaintiff's rights.

**ANSWER:**     The allegations contained in paragraph 54 of Plaintiff's Complaint are denied as untrue.

55.     Even if Defendants had probable cause to believe evidence of a crime would be found within the home, Defendants had no right to enter Plaintiff's home without a warrant in the absence of hot pursuit or other exigent circumstances.

**ANSWER:**     No answer is required to the allegations contained in paragraph 55 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

56.     Defendant Absolute Security is vicariously liable under the doctrine of *respondeat superior* for the actions of Defendant Grant.

**ANSWER:**     No answer is required to the allegations contained in paragraph 56 of Plaintiff's Complaint, as they do not pertain to these Defendants.

57.     As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**ANSWER:**     The allegations contained in paragraph 57 of Plaintiff's Complaint are denied as untrue.

WHEREFORE, Defendants pray that Plaintiff's Complaint against them be dismissed with prejudice, with costs and attorney fees awarded Defendants.

## COUNT III – FOURTH AMENDMENT VIOLATION (ILLEGAL ENTRY BEDROOM)

58.     Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

**ANSWER:**     Defendants incorporate by reference their answers to paragraph 1 through 57 above.

59.     Plaintiff's constitutionally protected rights include the right to be secure in his home from unreasonable searches and seizures as provided for by the Fourth Amendment, made actionable by 42 U.S.C. §1983.

**ANSWER:**     No answer is required to the allegations contained in paragraph 59 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

60.     Defendants' forcible entry into Plaintiff's bedroom without permission, a search warrant, or a valid exception to the warranted requirement was a violation of Plaintiff's rights.

**ANSWER:** The allegations contained in paragraph 60 of Plaintiff's Complaint are denied as untrue.

61.     Even if Defendants had probable cause to believe evidence of a crime would be found within the home, Defendants had no right to enter Plaintiff's bedroom without a warrant in the absence of hot pursuit or other exigent circumstances.

**ANSWER:** The allegations contained in paragraph 61 of Plaintiff's Complaint are denied as untrue.

62.     Defendant Absolute Security is vicariously liable under the doctrine of *respondeat superior* for the actions of Defendant Grant.

**ANSWER:** No answer is required to the allegations contained in paragraph 62 of Plaintiff's Complaint, as they do not pertain to these Defendants.

63.     As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**ANSWER:** The allegations contained in paragraph 63 of Plaintiff's Complaint are denied as untrue.

WHEREFORE, Defendants pray that Plaintiff's Complaint against them be dismissed with prejudice, with costs and attorney fees awarded Defendants.

### COUNT IV – FOURTH AMENDMENT VIOLATION (SEIZURE)

64.     Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their answers to paragraph 1 through 63 above.

65.     Plaintiff's constitutionally protected rights include the right to be secure in his home from unreasonable searches and seizures as provided for by the Fourth Amendment, made actionable by 42 U.S.C. §1983.

**ANSWER:**    No answer is required to the allegations contained in paragraph 65 of Plaintiff's

Complaint, as those allegations set forth conclusions of law.

66.    Once inside the bedroom, Defendants seized Plaintiff and ordered him to remain under their control in the residence.

**ANSWER:**    The allegations contained in paragraph 66 of Plaintiff's Complaint are denied as

written.

67.    Defendant Grant secured the scene and blocked the doorway so that Plaintiff would be unable to leave the residence.

**ANSWER:**    No answer is required to the allegations contained in paragraph 67 of Plaintiff's

Complaint, as those allegations do not pertain to these Defendants.

68.    The Defendants were without lawful authority to detain Plaintiff.

**ANSWER:**    The allegations contained in paragraph 68 of Plaintiff's Complaint are denied as

untrue.

69.    Because of the unlawful search and seizure, Defendants detained Plaintiff without cause.

**ANSWER:**    The allegations contained in paragraph 69 of Plaintiff's Complaint are denied as

untrue.

70.    The seizure of Plaintiff by Defendants was a violation of Plaintiff's rights.

**ANSWER:**    The allegations contained in paragraph 70 of Plaintiff's Complaint are denied as

untrue.

71.    Defendant Absolute Security is vicariously liable under the doctrine of *respondeat superior* for the actions of Defendant Grant.

**ANSWER:**    No answer is required to the allegations contained in paragraph 71 of Plaintiff's

Complaint, as they do not pertain to these Defendants.

13

72.    As a direct and proximate result of Defendants' actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**<u>ANSWER:</u>**    The allegations contained in paragraph 72 of Plaintiff's Complaint are denied as untrue.

WHEREFORE, Defendants pray that Plaintiff's Complaint against them be dismissed with prejudice, with costs and attorney fees awarded Defendants.

## <u>COUNT V – CONSPIRACY TO VIOLATE DEFENDANT'S (sic) CONSTITUTIONAL RIGHTS</u>

73.    Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

**<u>ANSWER:</u>**    Defendants incorporate by reference their answers to paragraph 1 through 72 above.

74.    Upon information and belief, Defendants Absolute Security and members of the GVSU Department of Public Safety, including Defendants Westrate, Stoll, and Dornbos engaged in weekly meetings wherein they planned surveillance and enforcement actions against residents of the Hillcrest Apartments, including Plaintiff.

**<u>ANSWER:</u>**    The allegations contained in paragraph 74 of Plaintiff's Complaint are denied as untrue.

75.    The Defendants agreed and acted intentionally to violate Plaintiff's right to be free from unreasonable search and seizure as secured by the United States Constitution.

**<u>ANSWER:</u>**    The allegations contained in paragraph 75 of Plaintiff's Complaint are denied as untrue.

76.    As a direct and proximate results (sic) of the conspiracy between Defendants and others as described above, Plaintiff's home was unlawfully searched, Plaintiff was detained against his will and was deprived of his right to be free from unreasonable and unlawful seizure, to equal protection of the laws which are secured under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and protected by 42 USC §1983.

**ANSWER:**    The allegations contained in paragraph 76 of Plaintiff's Complaint are denied as untrue.

77.    As a direct and proximate result of Defendants' actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**ANSWER:**    The allegations contained in paragraph 77 of Plaintiff's Complaint are denied as untrue.

WHEREFORE, Defendants pray that Plaintiff's Complaint against them be dismissed with prejudice, with costs and attorney fees awarded Defendants.

## COUNT VI – SUPERVISORY LIABILITY

78.    Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

**ANSWER:**    Defendants incorporate by reference their answers to paragraph 1 through 77 above.

79.    Defendant Bergers, as Chief of the Grand Valley State University Department of Public Safety, knew or in the exercise of reasonable diligence should have known that the conduct of the other Defendant officers was likely to occur.

**ANSWER:**    The allegations contained in paragraph 79 of Plaintiff's Complaint are objected to as being vague and ambiguous.  Subject to that objection, Defendants admit that Defendant Bergers at all times relevant was the "Director" of the Grand Valley State University Department of Public Safety, and upon information and belief, was often commonly referred to as the "Chief."  No answer is required to the remaining allegations contained in paragraph 79 of Plaintiff's Complaint, as those allegations set forth conclusions of law.

80.    Defendant Bergers failed to take any effective preventative or remedial measures to guard against the conduct of the other Defendant officers more fully set forth and described herein.  Had Defendant Bergers taken such measures, Plaintiff would not have suffered the deprivation of his rights fully set forth herein.  The failure of Defendant Bergers amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered

by Plaintiff.  Defendant Bergers failed to train, instruct, supervise, and discipline the Defendant officers, and said failure caused Plaintiff's damages.

**ANSWER:**  The allegations contained in paragraph 80 of Plaintiff's Complaint are denied as untrue.

81.    Defendant Bergers either knew or should have known of the widespread and pervasive policy of Grand Valley State University Police Officers to engage in unlawful searches and seizures and to conspire with private security companies to further such searches and seizures.

**ANSWER:**  The allegations contained in paragraph 81 of Plaintiff's Complaint are denied as untrue.

82.    Defendant Bergers either knew or should have known that the other Defendants were likely to engage in conspiratorial wrongs against Plaintiff and Defendant Bergers had the power to prevent or to aid in preventing the commission of those wrongs, but neglected to do so. These wrongful acts were described in Counts I, II, III, IV, and V and these wrongful acts could have been prevented by the exercise of reasonable diligence by Defendant Bergers.

**ANSWER:**  The allegations contained in paragraph 82 of Plaintiff's Complaint are denied as untrue.

83.    As a direct and proximate result of the aforedescribed unlawful and malicious acts of Defendant Bergers, Plaintiff was deprived of his right to be secure in his person, against unlawful and unreasonable seizure of his person, to equal protection of the laws, and to Due Process of Law, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 and 42 U.S.C. § 1986.

**ANSWER:**  The allegations contained in paragraph 83 of Plaintiff's Complaint are denied as untrue.

84.    As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, was required to expend monies retaining legal counsel, suffered humiliation, and other damages.

**ANSWER:**  The allegations contained in paragraph 84 of Plaintiff's Complaint are denied as untrue.

WHEREFORE, Defendants pray that Plaintiff's Complaint against them be dismissed with prejudice, with costs and attorney fees awarded Defendants.

Respectfully submitted,

**VARNUM LLP**
Attorneys for Defendants Westrate, Stoll, Dornbos, and Bergers

Date: November 8, 2012                    By: _____/s/ Peter A. Smit_____
                                                              Peter A. Smit (P27886)
                                          Business Address & Telephone:
                                                   Bridgewater Place, P.O. Box 352
                                                   Grand Rapids, MI 49501-0352
                                                   (616) 336-6000

## <u>AFFIRMATIVE DEFENSES</u>

Please be advised Defendants reserve the right to assert one or more of the following affirmative defenses in this action:

1.      All or part of Plaintiff's claims are barred by the applicable statute of limitations or repose.

2.      All or part of Plaintiff's claims are barred by the doctrine of governmental immunity.

3.      All or part of Plaintiff's claims are barred by the doctrine of qualified immunity.

4.      Plaintiff has failed to plead his claim of conspiracy with sufficient particularity.

5.      Defendants had license and/or permission to enter the premises and surrounding areas pursuant to Court Order, including but not limited to, resident Brian William Thompson's submission to search, as set forth in his "Order of Probation" issued by the 58th Judicial District

17

Court of the State of Michigan, Case No. HU-11-044747-SM, in effect at all relevant times referenced in Plaintiff's Complaint.

      6.      Defendants had probable cause to enter the premises.

      7.      All or part of Plaintiff's damages are the result of Plaintiff's own actions.

      8.      All or part of Plaintiff's damages are the result of other parties or non-parties.

      9.      Plaintiff has failed to mitigate his damages.

      10.      Defendants reserve the right to add additional affirmative defenses as they may become known during the course of discovery.

            Respectfully submitted,

            **VARNUM LLP**
            Attorneys for Defendants Westrate, Stoll, Dornbos, and Bergers


Date: November 8, 2012        By:   /s/ Peter A. Smit               
                  Peter A. Smit (P27886)
            Business Address & Telephone:
                  Bridgewater Place, P.O. Box 352
                  Grand Rapids, MI  49501-0352
                  (616) 336-6000

## RELIANCE ON JURY DEMAND

Defendants Westrate, Stoll, Dornbos, and Bergers, through their attorneys Varnum LLP,

hereby rely on the jury demand previously filed by the Plaintiff.

Respectfully submitted,

**VARNUM LLP**
Attorneys for Defendants Westrate, Stoll, Dornbos, and Bergers

Date: November 8, 2012               By: ___/s/ Peter A. Smit_____
                                             Peter A. Smit (P27886)
                                     Business Address & Telephone:
                                             Bridgewater Place, P.O. Box 352
                                             Grand Rapids, MI  49501-0352
                                             (616) 336-6000

## CERTIFICATE OF SERVICE

I certify that on November 8, 2012, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

By: ___/s/ Peter A. Smit_____
      Peter A. Smit (P27886)
Business Address & Telephone:
      Bridgewater Place, P.O. Box 352
      Grand Rapids, MI  49501-0352
      (616) 336-6000

5568141_1.DOCX

19